IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION


IN RE:                                              BK 04-73189-CMS-13

ODIE MCCRACKIN,
and LOTTIE MCCRACKIN,

      DEBTORS.

## MEMORANDUM OF DECISION

This matter came before the court on law firm Mountain & Baird's application for compensation and expenses for representing debtors Odie and Lottie McCrackin on a state law personal injury claim; and for permission to distribute settlement proceeds received by the firm on the debtors' behalf (BK Doc. 31); and on attorney Gene T. Moore's claim to part of the funds under state law attorney's lien law. (BK Doc. 34). The court announced from the bench that it would approve total attorneys' fees amounting to $60,000.00, plus expenses of $736.95; but took the question of Moore's share under submission. The court finds that a total **$16,021.64** in fees and expenses is reasonable for Moore under Ala. Code § 34-3-61 (1975).

## FINDING OF FACTS

Evidence presented at a March 6, 2007 hearing showed Odie McCrackin contacted Moore to represent him in an automobile accident case. Moore undertook the employment around September 1, 2005. Upon being employed, Moore began gathering evidence, including medical information, photographs and other information that he felt necessary for representing the debtor in his pending automobile accident case. Since he had been retained on a contingent fee basis, he did not keep contemporaneous records of the time he spent on the case.

Moore continued his representation of the McCrackins until March 11, 2006, when his services were terminated. There is no evidence in the record that Moore was terminated for cause, such as deficiency in services provided. McCrackin then hired Mountain & Baird, another Tuscaloosa, Alabama law firm. On January 31, 2007, this court approved a settlement of

1

McCrackin's personal injury case for $150,000.00. (BK Doc. 46). However, the order also directed the proceeds to be held pending further orders of the court.

The court heard additional evidence at a subsequent hearing on March 6, 2007.

Moore, through his computer system, recreated what in his judgment is a reflection of the services performed and the time spent on these services. His itemization is attached to his application for compensation in BK Doc. 34. The itemization attached to Doc. 34 includes time from August 28, 2005 through November 14, 2006. This would include some time prior to accepting the employment, as well as time spent after McCrackin discharged him.

The court's review of the documents showed that the left column listed Moore's attorney time, which he testified is normally billed at $225.00 per hour. The right column was time spent by his paralegal, which he said is normally billed at $80.00 per hour. Moore also stated that, since he was on a contingent fee contract, he did not consider how much time he was spending on various tasks as he went along. He admitted in retrospect that he could have spent too much time handling some matters, if the billing had been on an hourly basis. He also acknowledged that the hours set out in Exhibit 34 are estimations of time and do not purport to be contemporaneous records of the time he spent on each task.

The court took the issue under submission for a decision at the close of the March 6, 2007 hearing.

## CONCLUSIONS OF LAW

This court has jurisdiction of the McCrackins' Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a core bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

The law is clear that an attorney in Alabama who is discharged without cause is entitled to reasonable compensation for services rendered prior to his discharge on the theory of quantum merit. See Goldberg and Associates, P.C. v. Donohoe, 777 So.2d 144 (Ala. Civ. App. 2000); Triplett v.

2

Elliott, 590 So.2d 908 (Ala. 1991); and Gaines, Gaines & Gaines, P.C. v. Hare, Wynn, Newell & Newton, 554 So. 2d 445 (Ala. Civ. App. 1989). As the Court of Civil Appeals stated in Carnes v. Shores, 55 Ala. App. 608, 610-11; 318 So.2d 305, 307 (Ala. Civ. App. 1975):

> The purpose of the statute (Section 34-3-61) is to protect the attorney from loss of his investment in time, effort, learning and funds used in serving the interest of the client.

No recovery is allowed for services after discharge. The Supreme Court of Alabama, in the case of Peebles v. Miley, 439 So.2d 137, 141 (Ala. 1983), set out factors that courts consider when determining what is a "reasonable" amount for attorney's fees.

That is the legal context of this court's consideration of the record.

The court has reviewed Moore's itemization of fees for his time, and for paralegal time from September 1, 2005 through March 11, 2006. There were 72.9 hours in attorney time, which would compute to $16,402.50 in attorney fees. There were also 46 hours of paralegal time which would compute to $3,680.00 in paralegal fees.

The court recognizes that Moore is attempting to recreate time records when none were kept contemporaneously. A review of the time indicated that the time spent for many of the services would be considered excessive if Moore's representation had been on an hourly fee basis rather than on a contingency of recovery. For example, 4.1 hours in attorney's time were spent for preparing approximately 12 checks, as well as 4.1 hours of paralegal time spent for these same checks. While Moore explained his actual office procedure surrounding the issuing of checks, the time still appears excessive to this court. Additionally, the property settlement involved resulted in an approximate $3,600.00 recovery for the client, with 5.6 hours of attorney time and 2.5 hours of paralegal time attributed to the process.

A review of Moore's testimony, along with his time records, shows that he undertook this case on a contingent fee basis. He began assembling medical information and photographs concerning McCrackin's injuries. He attempted to preserve evidence by sending out spoilation letters to various parties who might have control of evidence which could be lost or destroyed. He filed a suit in state court which was then removed to federal court. Moore filed deposition notices, along with requests for production and interrogatories. He prepared responses to interrogatories and

3

requests for production from defendants in the lawsuit. However, the extent of the discovery Moore undertook was not evident from the testimony and the record submitted. He also attended a parties' planning meeting and a scheduling order was prepared.

There was no evidence that Moore's firm was discharged for cause. For whatever reasons, McCrackin chose to go forward after March 11, 2006 with the Mountain firm. When the new law firm began representation of the McCrackins, it did so subject to Moore's right to a lien pursuant to Section 34-3-61 of the Code of Alabama.

In Alabama, that means that Moore is entitled to receive "reasonable compensation" for the services he rendered prior to his discharge, as determined by a court in the context of the analytical factors cited in the Alabama Supreme Court's Peebles decision. Those Peebles considerations include: whether it is a fixed or contingent fee case; the nature and length of professional relationships between the attorney and client; fees customarily charged in the locality for similar legal services; likelihood that a particular employment may preclude other employment; and any time limitation imposed by the client or the circumstances of the case.

Moore began work on the McCracken case approximately September 1, 2005 and was discharged around March 11, 2006. He testified that after employment, he immediately began efforts to preserve evidence of and obtain evidence for McCrackin's personal injury case. Exhibit A to Doc. 34 does indicate a great deal of early activity on McCrackin's behalf; but, in the court's judgment, not so much as to preclude other employment.

There was no evidence that McCrackin imposed any time limitations on the lawyer, or that Moore had previously represented McCrackin in any other matters. Moore did not testify to the details of the contingent fee contract he had with McCrackin, but the Mountain firm's subsequent contingency fee contract was for 40% of the recovery. In this locality, a 40% contingency fee for personal injury claims is not at all unusual. Cases of this nature are typically undertaken by attorneys on a contingent fee basis for parties who do not have existing income or assets to pursue their claims on an hourly basis.

Moore's Exhibit A is an itemization of the various services he performed. The time spent

4

on each task does not purport to be anything other than an estimate, and Moore admitted that he may have spent more time than necessary on some matters when looked at from a time billing basis. He did incur actual expenses in the amount of $1,021.64. (See BK Doc. 36)

While his itemization of time may not be an exactly accurate reflection of the time spent, no evidence was offered that it did not accurately reflect the <u>projects</u> he undertook on McCrackin's behalf; or of the dates when the services were rendered.

The court, having considered Moore's testimony, and his itemization of services he undertook for McCrackin in the context of the <u>Peebles</u> factors, has determined that a reasonable fee for the services rendered would be $15,000.00, plus expenses in the amount of $1,021.64, for a total award of $16,021.64.

## CONCLUSION

Consequently, the court will enter an order authorizing the firm of Mountain & Baird to disburse the $150,000.00 settlement proceeds as follows:

(a) $15,000.00 for attorney's fees, plus $1,021.64 in expenses, for a total of $16,021.64 to Gene Moore;

(b) $43,978.36 for attorney's fees, plus $736.95 in expenses, for a total of $44,715.31 to Mountain & Baird;

(c) $1,500.00 to Blue Cross/ Blue Shield for its subrogation claim;

(d) such amount to Medicare as required to satisfy its subrogation claim; and

(e) the balance to C. David Cottingham, the McCrackin's Chapter 13 Trustee, pending further orders of the court.

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this May 24, 2007.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge